IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| D'ANGELO MARQUEZ JENKINS ) | |
| ) | |
| v. ) | No. 3:09-1010 |
| ) | Judge Trauger/Bryant |
| MONTGOMERY COUNTY ) | |

To:     The Honorable Aleta A. Trauger, District Judge

### REPORT AND RECOMMENDATION

This pro se prisoner case has been awaiting the resolution of plaintiff's application for pauper status, which was recently granted after issues related to plaintiff's correct mailing address were resolved, and after plaintiff cured the deficiency in his application. The filing fee has been assessed, and the merits of the case are now ripe for screening under 28 U.S.C. § 1915A. McGore v. Wrigglesworth, 114 F.3d 601, 608 (6th Cir. 1997) (overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007)).

### I.

Under § 1915A, all prisoner cases "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" are subject to an initial screening by the court. 28 U.S.C. § 1915A(a). The statute provides that,

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
> (1) is frivolous, malicious, or fails to state a claim upon which

1

> relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

In his original complaint (Docket Entry No. 1), plaintiff named only Montgomery County as defendant, and alleged claims based on the unlawful opening of his legal mail outside of his presence. He stated that he was suing Montgomery County "for being the political entity responsible for operating the Montgomery County Jail and the Montgomery County Sheriff's Department. Montgomery County Jail for being the one who is housing me and Montgomery County Sheriff's Department for being the one, or persons, who opens the mail and has the policy not to open it along with the Montgomery County Jail policy if not the same or together." Id. at 6. Plaintiff claims that this opening of his legal mail is both a violation of his rights under the First and Sixth Amendments, and actionable harassment/retaliation in response to his filing of a previous lawsuit against his jailors (case no. 3:08-0145). He further explains in his complaint that

> Officials will not let us know who opens the mail but I do know that the officers rotate that duty every day. Since I do not know the three officials who opened the letters, Montgomery County Jail and the Montgomery County Sheriff's Department are responsible. However for the County of Montgomery to be liable, I must allege and show that my constitutional rights were violated pursuant to [an unlawful policy or custom of the county]. The jail and sheriff's office has a policy on opening legal mail in front of the inmates and it is a constitutional right. The policy and right was violated.

(Docket Entry No. 1 at 7)

Plaintiff subsequently moved for, and was granted, leave to amend his complaint to allege further acts of retaliation. (Docket Entry Nos. 19-21) He alleged that

this court's mailing of the order dismissing his prior case, no. 3:08-0145, was withheld from him, resulting in his inability to file timely a notice of appeal from that dismissal. He further alleged that he had been transferred from Montgomery County Jail to a facility of the Tennessee Department of Correction, in violation of the terms of his plea agreement. This transfer was also alleged to be retaliatory due to its timing, on the morning of December 22, 2008, the same day that he had been scheduled for a parole hearing at the Montgomery County Jail at 11:30 a.m., pursuant to a notice issued more than two months prior. Plaintiff continued in his amended complaint to name only Montgomery County as defendant, ascribing the unlawful actions detailed therein to the Montgomery County Jail and the Montgomery County Sheriff's Department.

On September 8, 2009, plaintiff again moved for leave to amend his complaint (Docket Entry No. 26). By way of this amendment, plaintiff would name the following three defendants, in addition to the previously named Montgomery County: Montgomery County Jail Mail Room, Deputy Weatherbee of Montgomery County Jail, and Lieutenant Armstrong of Montgomery County Jail. Plaintiff seeks to sue the individual officers, in their individual and official capacities, on his claim for retaliatory transfer on the morning of his parole hearing, alleging that Deputy Weatherbee arranged the transfer on orders from Lt. Armstrong, and that he still had not received a parole hearing at his current place of imprisonment. Plaintiff names the Montgomery County Jail Mail Room as the party responsible for opening, holding, reading, and tampering with his legal mail in order to disadvantage his prosecution of a lawsuit against the Mongtomery County Jail.

As previously mentioned, plaintiff's complaint, or any portion thereof, is subject to sua sponte dismissal under § 1915A(b)(1) if it fails to state a claim upon which

3

relief may be granted. In conducting the screening called for here, the undersigned considers both the amendment to plaintiff's complaint already allowed and the amendment requested in Docket Entry No. 26, collectively with plaintiff's original complaint. Because leave to amend a complaint is to be freely given when justice so requires, Fed. R. Civ. P. 15(a)(2), and because the amendment contained in Docket Entry No. 26 was sought prior to the assessment of the filing fee and not in response to any notice of sua sponte dismissal, that amendment should be allowed, except as to the naming of the Mongtomery County Jail Mail Room. As further explained below, allowing an amendment to include the Mail Room as a defendant would be futile, as the Mail Room is not a person capable of being sued under 42 U.S.C. § 1983. The undersigned therefore RECOMMENDS that plaintiff's motion for leave to amend (Docket Entry No. 26) be GRANTED, except as to the naming of this defendant.

II.

The undersigned finds that plaintiff's complaint fails to state a claim arising from the alleged tampering with his legal mail because of the defendants against whom these allegations are leveled, i.e., Montgomery County and the Montgomery County Jail Mail Room. In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he was deprived of a federally secured right by a person or persons acting under color of state law. Parratt v. Taylor, 451 U.S. 527, 535 (1981). Plaintiff's complaint, through three renditions, has not identified any such "person" who is directly responsible for the opening of his legal mail. Neither a county jail, nor any room therein, is a person that can be sued under § 1983. See Marbry v. Correctional Medical Servs., 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (citing Rhodes v. McDaniel, 945 F.2d 117, 120 (6th Cir. 1991)); see also Garza v.

4

LCMHF, 2009 WL 1734912, at *1 (D. Kan. June 19, 2009) ("[N]either the 'mail room' nor the prison facility is a 'person' subject to suit under Section 1983."); Thomas v. Mail Room Staff, 2006 WL 213714, at *2 (W.D. Va. Jan. 10, 2006) (same). Therefore, plaintiff's attempt to claim against the Montgomery County Jail Mail Room must fail.

Unable to name any person directly responsible for the harms alleged with regard to his legal mail, plaintiff adverts to Montgomery County as the responsible party. While Montgomery County is capable of being sued under § 1983, municipal liability only attaches where the source of the alleged injury is a "policy statement, ordinance, regulation or decision officially adopted and promulgated" by the county, as plaintiff recognized in his original complaint. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Thus, liability for the county and, ultimately, its taxpayers, may only be imposed where the county itself -- and not its employees -- is actually responsible for the tortious conduct; the doctrine of *respondeat superior* will not support municipal liability under § 1983. E.g., Pembaur v. City of Cincinnati, 475 U.S. 469, 478-80 (1986).

The only allegation in this case pertaining to any policy of Montgomery County is that the official policy of opening legal mail only in the presence of the inmate is lawful, consistent with Wolff v. McDonnell, 418 U.S. 539 (1974), but that the policy was deviated from in plaintiff's case for retaliatory reasons. As explained above, Montgomery County cannot be held liable for its unnamed employees' deviation from what plaintiff admits is a lawful policy regarding inmates' legal mail. Cf. also Aureus Holdings, Ltd. v. City of Detroit, 2006 WL 1547639, at *8 (E.D. Mich. June 1, 2006). Plaintiff's failure to state a claim against Montgomery County renders the portion of his complaint which alleges improper and/or retaliatory handling of his legal mail, in violation of his First Amendment

rights, subject to dismissal under § 1915A(b)(1).  Plaintiff's claim against Deputy Weatherbee and Lieutenant Armstrong in their official capacities is, in effect, a claim against Montgomery County, <u>Leach v. Shelby Co. Sheriff</u>, 891 F.2d 1241, 1245 (6th Cir. 1989), and as such is likewise subject to dismissal under § 1915A(b)(1), as there is no allegation that any action taken by these individual defendants was pursuant to official county policy or custom. Accordingly, the undersigned RECOMMENDS that these claims be DISMISSED.

## III.

Plaintiff's claim against Deputy Weatherbee and Lieutenant Armstrong in their individual capacities -- that they arranged for his transfer to a different facility on the morning of a scheduled parole hearing, in retaliation for his ongoing litigation against Montgomery County over the conditions of his confinement in the Montgomery County Jail -- appears on its face to be a viable, nonfrivolous claim.  <u>See</u> <u>generally</u> <u>Thaddeus-X v. Blatter</u>, 175 F.3d 378 (6th Cir. 1999) (en banc).

Accordingly, the undersigned would RECOMMEND that the Clerk be instructed to send plaintiff a service packet (a blank summons and USM 285 form) for defendants Weatherbee and Armstrong; that plaintiff be ordered to complete the service packet and return it to the Clerk's Office within twenty (20) days of his receipt of the court's order; and that, upon return of the service packet, process issue to these defendants.

## IV.

In sum, the Magistrate Judge recommends that plaintiff's motion to amend (Docket Entry No. 26) be GRANTED except as to the naming of the Montgomery County Jail

6

Mail Room as defendant; that all claims against Montgomery County, as well as the claims against defendants Weatherbee and Armstrong in their official capacities, be DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted; and, that the claim against defendants Weatherbee and Armstrong in their individual capacities be allowed to go forward.

Plaintiff has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. 28 U.S.C. § 636(b)(1). Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985); Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004)(en banc).

**ENTERED** this 28th day of October, 2009.

                                                                         s/ John S. Bryant
                                                                        JOHN S. BRYANT
                                                                        UNITED STATES MAGISTRATE JUDGE