IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

D'ANGELO MARQUEZ JENKINS )
)
v. ) No. 3:09-1010
) Judge Trauger/Bryant
MONTGOMERY COUNTY )

## O R D E R

Contemporaneously with this order, the undersigned has entered a report and recommendation ("R&R") for disposition of plaintiff's pending motions for summary judgment (Docket Entry No. 113) and to add a defendant (Docket Entry No. 106). In view of the entry of this R&R, defendants' pending motion to ascertain status of dispositive motions (Docket Entry No. 129) is GRANTED.

Plaintiff's pending motions for an extension of time to amend the complaint (Docket Entry Nos. 103 & 107) are GRANTED in part and DENIED in part. These motions contain two related requests: (1) extension of the deadline for amending pleadings, and (2) waiver of the copying fees entailed in providing plaintiff with photocopies of a number of docket entries. To the extent that the requests for extension of the April 9, 2010 deadline for amending pleadings are independent of the requests for waiver of copying costs, the requested extension is GRANTED nunc pro tunc. However, the second part of these motions, requesting waiver of the $0.50 per page costs of copying (and mailing) 20 docket entries and their attached exhibits, is DENIED inasmuch as the court is not required to fund the pre-trial litigation efforts of a pauper plaintiff, Smith v. Yarrow, 78 Fed. Appx. 529, 544 (6th Cir. Oct. 20, 2003) (citing Johnson v. Hubbard, 698 F.2d 286, 289 (6th Cir. 1983)), and

plaintiff has made no compelling showing that the requested pleadings would enable him to identify any of the John Doe defendants.

Plaintiff's pending motion to compel discovery (Docket Entry No. 108) is DENIED as moot, given that the requested discovery was evidently provided by defendants in due time. See Docket Entry No. 110.

Finally, plaintiff's pending motion to appoint counsel (Docket Entry No. 128) is DENIED. As previously found by the undersigned (Docket Entry No. 84), this case does not present the exceptional circumstances required for appointment of counsel in a civil case, Lavado v. Keohane, 992 F.2d 601 (6th Cir. 1993), even approaching the trial of the matter.

So **ORDERED**.

    s/ John S. Bryant
JOHN S. BRYANT
UNITED STATES MAGISTRATE JUDGE