IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| D'ANGELO MARQUEZ JENKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:09-1010 |
| ) | Judge Trauger |
| MONTGOMERY COUNTY, *et al.* ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

Pending before the court is the Magistrate Judge's November 5, 2010 Report and Recommendation ("R&R") (Docket No. 132), which recommended that the defendants' Motion for Summary Judgment (Docket No. 121) be granted, the plaintiff's Motion for Summary Judgment (Docket No. 113) be denied, the plaintiff's Motion to Add a Defendant (Docket No. 106) be denied, and that this case be dismissed. The plaintiff, D'Angelo Marquez Jenkins, proceeding *pro se*, has filed objections to the R&R (Docket No. 138).

The plaintiff, who is presently incarcerated, primarily alleged that his December 22, 2008 transfer from the Montgomery County Jail to the custody of the Tennessee Department of Corrections (TDOC) occurred on the same day that he had a parole hearing scheduled in the Montgomery County Jail and the transfer, so timed, was "in retaliation for his prior litigation against his jailors" and violated his First Amendment rights. (Docket No. 132 at 2-4.)

In the R&R, Magistrate Judge Bryant discussed the legal standard for First Amendment retaliation claims and concluded that the plaintiff's claim failed because, while he could show that

1

he engaged in protected conduct, he could not sufficiently show, as required, that an "adverse action" was taken against him or that there was a "causal connection" between his protected conduct and the defendants' action. (*Id.* at 5 citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)). Judge Bryant thoroughly explored the facts of this case and the case law involving claims of prisoner transfer retaliation, and he concluded that the plaintiff's claim failed on these two essential elements of the First Amendment retaliation claim. (*Id.* at 6-8.) For instance, on the causal connection element, Judge Bryant pointed out that, at the time of transfer, the defendants were not aware of any pending litigation filed by the plaintiff, strongly indicating that the transfer was not in retaliation for filing litigation. (*Id.* at 7.)

Judge Bryant also recommended denying the plaintiff's Motion to Add a Defendant. (*Id.* at 11.) Judge Bryant noted that, in his initial Complaint filed on October 20, 2008, the plaintiff had attempted to assert an improper opening of legal mail claim against various unnamed defendants, but he had implicated "Deputy Wright" in the incident in question – that is, Deputy Wright witnessed the mail being opened, and he delivered the mail to the plaintiff. (Docket No. 1 at 6.) In a November 25, 2009 ruling, the court stated that the plaintiff could pursue an improper mail opening claim on the understanding that the identities of the defendants would be revealed through discovery. (Docket No. 53.) The plaintiff's Motion to Add a Defendant seeks to add Deputy Wright as a defendant based upon discovery that revealed that Deputy Wright signed for the mail in question. (Docket No. 115.)

Judge Bryant determined that the allegation that Deputy Wright signed for – but did not necessarily open – the mail at issue, coming this late in the litigation was "too little and too late to

2

salvage this claim," and he recommended denying the Motion to Add a Defendant and dismissing this case. (Docket No. 132 at 12.)

On November 17, 2010, the plaintiff filed one page of objections. (Docket No. 138.) On the retaliation claim, in purely conclusory fashion, the plaintiff maintains that a "causal connection exists" between his conduct and the transfer, but he does not explain how Judge Bryant erred in finding that a causal connection did not exist nor does he challenge Judge Bryant's alternative finding that the plaintiff did not suffer an "adverse action." (*Id.*) On the Motion to Add a Defendant, the plaintiff simply maintains that he "does not understand" why he was previously granted an opportunity to add defendants in the mail opening claim but may not do so now. (*Id.*)

When the Magistrate Judge issues an R&R on a dispositive motion, the court must review *de novo* any part of the R&R to which a specific objection has been made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993).

The plaintiff makes no specific objection to the R&R; rather, he makes a series of conclusory statements. The plaintiff has failed to address the substance of Judge Bryant's ruling on the First Amendment retaliation claim, completely ignoring the "adverse action" finding, which, independently, was fatal to the plaintiff's claim. Moreover, the plaintiff does not address the delay in adding Deputy Wright as a defendant in this matter (given that he has known about his involvement since filing the Complaint) or address the fact that he does not allege that Deputy Wright actually opened the mail at issue.

3

In light of this, the Report and Recommendation (Docket No. 132) is **ACCEPTED** and made the findings of fact and conclusions of law of this court. For the reasons stated therein and herein, it is hereby **ORDERED** that the defendants' Motion for Summary Judgment (Docket No. 121) is **GRANTED**, the plaintiff's Motion for Summary Judgment (Docket No. 113) is **DENIED**, and the plaintiff's Motion to Add a Defendant (Docket No. 106) is **DENIED.**

On November 9, 2010, the plaintiff filed a motion to be appointed counsel to assist him in preparing for trial. (Docket No. 136.) As there will not be a trial, this motion is **DENIED.** This case is **DISMISSED WITH PREJUDICE**.

It is so ordered.

Enter this 30th day of November 2010.

_____
ALETA A. TRAUGER
United States District Judge